IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CR-442-GKF |
| | ) |
| JACE CHRISTIAN WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

COMES NOW, Jace Williams, by and through his attorney of record, John M. Dunn, and respectfully moves this Court for a sentence that departs downward from the guideline sentence. In support of this Motion, the Defendant would show the Court as follows:

**A.   The Court should deviate downward two levels for acceptance of responsibility.**

Section 3.E.1.1 allows for a two-level downward departure if the Defendant accepts responsibility for his offense. The Court should deviate downward an additional two levels to give the Defendant credit for accepting responsibility for several reasons. First, this case could have possibly been resolved through a plea. It is not deniable that Mr. Looper was a victim. It is not deniable that Mr. Williams caused the injuries. However, the Government waited until pretrial and then offered a plea that would have resulted in a sentence that was over three times the guidelines (if given credit for acceptance of responsibility). It was the Government that forced this matter to trial. Even now, after trial, the guidelines are nowhere near 120 months. For this reason alone, Mr. Williams should receive a two-point downward departure. Secondly, Mr. Williams did plead guilty to Count II of the

Indictment and admitted to the things that he had done to be guilty of: Assault Resulting in Serious Bodily Injury in Indian Country.  Finally, **he had previously testified that he assaulted Mr. Looper.**  There has never been a denial of this fact.  Requesting a trial where the Defendant believes there may be a legal defense (which there was to the assault until the Government requested a different definition minutes before closing arguments were scheduled to begin) is not the same as a refusal to accept responsibility.

**B.**     **The Court should deviate downward an additional level because the case could have been resolved through a plea.**

It is certainly noted that the Government is under no obligation to communicate any plea offer to the Defendant in a criminal case.  The third point under section 3.E.1.1 is not contingent upon a plea agreement.  It is contingent upon (among other things) permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.   Again, this could have been accomplished.  However, as a result of the Government's stated desire that the outcome should be 10 years (and moreover referring to that as a "good faith offer") forced Mr. Williams to go to trial in this matter.  The Government did not act in good faith when making an offer and clearly wanted to try the case.  Certainly, it would be fair for the Defendant to believe that the Government was acting in good faith when it offered 10 years, i.e. there was evidence that would be produced and factors to be satisfied that would have resulted in a sentence above the guidelines.  That has yet to happen. As a sanction to the Government for this kind of conduct, at a minimum, the Court should deviate an additional level (for a total of three) to a level 18 and find that the appropriate sentencing guideline range is between 30 and 37 months.

WHEREFORE, premises considered, the Defendant respectfully requests this Court to vary downward three levels and place him in the position he would have been had he entered a plea of guilty to both charges and find the appropriate sentencing guideline range is between 30 and 37 months.

Respectfully submitted,

/s/ John Dunn_____
John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK  74119
Telephone: (918) 526-8000
Facsimile: (918) 359-5050
Email: jmdunn@johndunnlaw.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2022, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Richard Cella via ECF.

/s/ John M. Dunn
John M. Dunn, OBA No. 20975