# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-CR-442-GKF |
| JACE CHRISTIAN WILLIAMS, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR VARIANCE

COMES NOW, Jace Williams, by and through his attorney of record, John M. Dunn, and respectfully moves this Court for a non-guideline sentence in the above styled matter. In support of this Motion, the Defendant would show the Court as follows:

## ARGUMENT AND AUTHORITY

It is not debated that the Federal Sentencing Guidelines are advisory. See *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Therefore, the sentencing court is in a position to impose any sentence that is permissible by statute. The Court is able to impose a sentence that considers the factors listed in 18 U.S.C. § 3553. One of these factors is 18 U.S.C. § 3553(a)(1) which allows the Court to consider the nature and circumstances of the offense. The Court should do so in this instance.

As has been repeatedly stated, this was a school yard fight that took place between two boys (both age 19). The fight was over a girl and – according to the testimony of Mr. Looper – text messages sent to Mr. Williams concerning the scheduling of and agreement to a fight. Mr. Williams testified that he warned Mr. Looper about what would happen if he came to the location of the fight. Mr. Looper went anyway.

Unlike the mine run of other such cases, this is a fight between children. Neither of them believed that the results would be what they ultimately were. While it could be argued that the results were accidental, they were not planned but they do arise from a legally intentional act. The Court should consider that the combatants were 19 year old boys. It should be noted that at the age of 19, neither of their brains were fully developed and they did not understand or contemplate the potential outcomes of combat. That fact combined with the unplanned nature of the combat should separate it from similar cases involving adults (over the age of 25) or crimes of maiming where the injury was actually intended.

While the exact amount of restitution is contested, it is known that there will be an appreciable amount of restitution. This is an ingredient that the Court can use to impose a probationary sentence. Mr. Williams could be sentenced to a probationary sentence with the requirement that he pay the restitution to the appropriate party by the Court. Because this case is removed from the mine run of the usual federal cases of this nature, the Court should consider imposing a non-guideline sentence and granting Mr. Williams probation.

WHEREFORE, premises considered, Mr. Willaims respectfully request this Court to impose a non-guideline sentence of probation.

Respectfully submitted,

　/s/ John Dunn　
John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK  74119
Telephone: (918) 526-8000
Facsimile: (918) 359-5050
Email: jmdunn@johndunnlaw.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of June, 2022, a true and correct copy of the above and foregoing instrument was electronically transmitted to AUSA Richard Cella via ECF.

      /s/ John Dunn
      John M. Dunn, OBA No. 20975