IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACE CHRISTIAN WILLIAMS,<br><br>Defendant. | Case No. 21-CR-442-GKF |

## Motion for Upward Variance

The government hereby incorporates government' Motion for Upward Departure (Dkt #54) in this motion. When determining an appropriate sentence to be imposed, the Court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established . . .
> (5) any pertinent policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In the event Defendant's conduct and Owen's extreme suffering do not persuade this Court to depart upward under the pertinent policy statements, applying the additional factors in § 3553(a) shows why Defendant should nonetheless receive a sentence above the guidelines. For the reasons already discussed in Defendant's Motion for Upward Departure (and incorporated in this request for a variance), an upward variance would reflect the seriousness of the offense, provide just punishment for the offense, and afford adequate deterrence. With respect to deterrence, it is worth noting that Defendant has a prior conviction for knowingly concealing property. (PSR at ¶ 22). The three-year deferred sentence he received for that conviction evidently did not deter him from future criminality. The Court should not afford Defendant further leniency here.

## Conclusion

An upward variance from the calculated guideline range to an above-guidelines term of imprisonment of 120 months is warranted because an imprisonment term between 41-51 months fails to sufficiently account for Owen's grave suffering and the extreme nature of Defendant's conduct.

Respectfully submitted,
CLINTON J. JOHNSON
Acting United States Attorney

*/s/ Richard M. Cella*
Richard M. Cella, TX Bar No. 24078328
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

**Certificate of Service**

I hereby certify that on the 17th day of June, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF recipient:

John Dunn
*Counsel for Defendant*

*/s/ Richard M. Cella*
Richard M. Cella
Assistant United States Attorney