IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACE CHRISTIAN WILLIAMS,<br><br>Defendant. | Case No. 21-CR-442-GKF |

RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR DOWNWARD DEPATURE

The United States urges this court to deny the defendant's request for a downward departure contained in ECF #51. In support thereof, the Government responds with the following:

**A. Jace Williams should not receive a two-level downward departure for accepting responsibility for his actions.**

While the federal sentencing guidelines permit a two-level offense reduction for accepting responsibility, the facts of this case clearly show that Mr. Williams chose not to accept responsibility for the maiming offense, and that he only accepted responsibility for the assault after the numerous government witness testified, during trial, that they witnessed him commit the offense. Further, the defense is incorrect when it emphasized that Mr. Williams previously testified to assaulting Owen Looper. Prior to this trial, Mr. Williams had never testified about how he attacked

Owen Looper. At the Ottawa County preliminary hearing, Mr. Williams did not testify and the case was dismissed pursuant to *McGirt* before it went to trial there. It's possible that the defense is referring to Mr. Williams' statements to Ottawa County Sheriff's Deputy Derek Demond on November 3, 2017. Still, that statement was not testimony as it did not occur in the courtroom.

Additionally, the defense's contention that this case turned on the definition of assault is misplaced. The Court amended its proposed assault instruction because its first instruction was not a complete statement of the law. In the interest of justice, the Court included the relevant information in the revised instruction so that the jury was fully informed of the evidence permitted to constitute the offense. The Court should also note that Mr. Williams did not know what the first proposed jury instruction for the assault offense was going to be before preparing for trial. Therefore, the defense's attempt at couching Mr. Williams' reluctance to accept responsibility as a clever trial technique is misplaced. Additionally, the defense's pre-trial position, was that Mr. William's attack was mutual combat, not that it was not an assault or was not maiming.

Finally, Mr. Williams could have pled guilty to one or both offenses before trial. He would have retained his variance and departure rights by pleading to those charges without a plea agreement with the government. While Mr. Williams has constitutional right to ask the government to prove its case, he does not get credit for accepting responsibility once it does.

### B. Mr. Williams should not receive an additional level deviation because this case could not have been resolved under reasonable plea terms.

The United States requests that the Court deny the defense's request for a third-level reduction. The defense proposes that Mr. Williams deserves a third-level reduction because the government forced this case to trial by only offering to offer a plea agreement that included a 10-year sentence. However, the defense grossly misstates the pre-trial plea negotiations.

From the beginning, Mr. Dunn was told that due to Mr. Looper's injuries that the government could not offer plea terms that simply tracked the anticipated guidelines ranges. The government told Mr. Dunn was told that it believed that Mr. Looper's injuries warranted a higher sentence. In one conversation, Mr. Dunn proposed that Mr. Williams may plead guilty to one of the offenses if the sentence was only for probation or for term to be served on home-detention. The government rejected that offer because Mr. Looper's injuries were more severe than the guidelines anticipate.

It is also worth noting that the defense was contacted late last year to discuss potential plea terms. Undersigned Counsel told defense counsel that he believed an agreement to the assault charge could possibly be reached but that 1) Mr. Williams would have to serve time in prison, and 2) that government would need time to speak with the Mr. Looper about the agreement. The defense rejected that offer, and never proposed any reasonable counter offers. The government cannot be expected to choose a resolution that comes at the expense of just punishment for the injuries Mr. Williams inflicted upon Owen Looper. Therefore, the defense argument fails.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

/s Brandon A. Skates
Brandon A. Skates
Assistant United States Attorney
Indiana Bar No. 30433-49
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
918-382-2700

## Certificate of Service

I hereby certify that on the June 17, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and notification was sent to the following recipient:

John Dunn
Attorney for Defendant

/s/Brandon Skates
Brandon Skates
Assistant United States Attorney